UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS, | Case No. 1:14 cv 02076 AWI GSA PC |
| Plaintiff, | |
| vs. | ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| M. BITER, | |
| Defendant | |
| | AMENDED COMPLAINT DUE IN THIRTY DAYS |

I.    **Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendant M. Biter, Warden at Kern Valley. Plaintiff claims that he was subjected to unconstitutional conditions of confinement. Specifically, Plaintiff claims that he was exposed to Valley Fever and drinking water with elevated levels of arsenic.

Plaintiff alleges that at some point after he was transferred to Kern Valley in April of 2012, he noted that his health was "not good," and suffered the following symptoms: "spots on legs, arms, body, mucus in throat, problems breathing, scar on lungs, kidney problems, prostate problems, coughing, night sweats, fever and aching joints." Plaintiff alleges that he filed a request for medical care which was denied. Plaintiff alleges that Warden Biter is responsible for Plaintiff's condition by exposing him to high levels of arsenic in the drinking water and knowingly exposing him to Valley Fever.

### A.   Drinking Water

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The routine discomfort in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry.  "Those deprivations denying 'the minimal civilized measure of life's necessities are grave to form the basis of an Eighth Amendment violation.'"  Id. (quoting Rhodes v. Chapman,   452 U.S. 337, 347 (1981).  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "The circumstances, nature, and duration of a deprivation of one of these necessities must be considered in determining whether a constitutional violation has occurred.  The more basic the need, the shorter the time it can be withheld."  Johnson v.Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff may not simply name the Warden as a Defendant then conclude that he is responsible for Plaintiff's ills.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury.'" Id. (quoting Johnson at 743-44).   Plaintiff has not specifically alleged any facts indicating that Warden Biter knew of and disregarded serious risk to Plaintiff's health, resulting in injury to Plaintiff.   An allegation that there was a heightened level of arsenic in the water fails to satisfy the Eighth Amendment standard.   Assuming the levels of arsenic exceeded some regulatory standard, Plaintiff fails to state a claim for relief.   Plaintiff must allege specific facts indicating that arsenic levels were in the water at a level that constitutes a serious risk to Plaintiff's health.   Plaintiff alleges no facts indicating that Warden Biter was aware of any particular testing done by any competent authority that indicated that levels of arsenic posed a serious threat to inmate health.   A mere regulatory violation fails to state a claim for relief.

Further, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.   Ashcroft v. Iqbal , 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.   Id. at 673.   In other words, to state a claim for relief under section 1983, Plaintiff must link Warden Biter with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.   Plaintiff has failed to do so.   This claim should therefore be dismissed.   Plaintiff will, however, be granted leave to file an amended complaint.

**B.   Valley Fever**

Regarding Plaintiff's claim that Biter is liable because he knew of the dangers of Valley Fever when Plaintiff was transferred to Kern Valley, the courts of this district have found such claims to be insufficient.   "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come

4

forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.")  More recently, in addressing a claim that CDCR officials are responsible for the contraction of valley fever by knowingly housing an African American inmate with a history of asthma in an endemic area, it has been held that "unless there is something about a prisoner's conditions of confinement that raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Youssef,  2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015).   This claim should therefore be dismissed.

## C.   **Medical Care**

Plaintiff makes the simple allegation that he requested medical care and was denied.  Plaintiff does not identify any individual defendant who denied him medical care. Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."  Id. at 1132.

Plaintiff has failed to allege facts that state a claim for relief for deliberate indifference to his serious medical needs.  This claim should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.   Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

5

1
2
3
4

### III.     Conclusion and Order

5
6

The Court has screened Plaintiff's complaint and finds that it does not state any claims

7

upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the

8

opportunity to file an amended complaint curing the deficiencies identified by the Court in this

9

order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he

10

may not change the nature of this suit by adding new, unrelated claims in his amended

complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

11

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

12

each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

13

rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

14

be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

15

Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

16

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

17

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

18

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

19

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

20

original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

21

at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

22

Forsyth, 114 F.3d at 1474.

23

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

24

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a

25

claim;

26

2.      The Clerk's Office shall send to Plaintiff a complaint form;

27
28

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend dismiss this action, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   **April 9, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE