UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. BITER,<br><br>　　　　Defendant. | 1:14-cv-02076-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(Doc. 14.) |

## I.   BACKGROUND

Gerry Williams ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 29, 2014.  (Doc. 1.)  The court screened the Complaint and issued an order on April 9, 2015, dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 12.) On May 11, 2015, Plaintiff filed the First Amended Complaint and a Request for Judicial Notice.  (Docs. 13, 14.)

Plaintiff's Request for Judicial Notice is now before the court.

## II.   REQUEST FOR JUDICIAL NOTICE

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party

and supplied with the necessary information." Fed. R. Evid. 201(d).  The court may take judicial notice of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 1126 (1981).  "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts."  <u>York v. American Tel. & Tel. Co.</u>, 95 F.3d 948, 958 (10th Cir. 1996) (internal quotations omitted); <u>see</u> <u>General Elec. Capital Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of cases "cited by this court as to Valley Fever and Arsenic tainted drinking water, and toxic environmental hazardous conditions of confinement."  (Doc. 14 at 2:10-12.)  Plaintiff lists the cites for 2 cases from the 9th Circuit, 1 case from the 7th Circuit, 1 case from the 3rd Circuit, 1 case from the U.S. Supreme Court, and 1 case from the 5th Circuit.  Plaintiff has not attached copies of the case decisions to which he cites.  Plaintiff requests the court to "take Judicial Notice that each of the cases listed above is similar to Plaintiff's case."  (Doc. 14 at 3:21-22.)

Plaintiff has not shown good cause for the court to take judicial notice of these cases.  Plaintiff's request would require the court to review all of the listed cases and perform an analysis as to the similarities of each case to Plaintiff's case.  The result of such analysis is not an existing fact that is not subject to reasonable dispute, and therefore is not subject to judicial notice. Therefore, Plaintiff's request must be denied.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Request for Judicial Notice, filed on May 11, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **May 16, 2015**              **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE