UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN D. BITER and A. MANASRAH,<br><br>Defendants. | No. 1:14-cv-02076-DAD-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(Doc. No. 47) |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On January 10, 2019, the undersigned issued an order adopting in full the assigned magistrate judge's findings and recommendations recommending that defendants' motion to dismiss be granted in part and denied in part. (Doc. No. 43.) In that order, the court dismissed all of plaintiff's claims except for the conditions of confinement claim alleged against defendant Biter based on plaintiff's alleged exposure to Valley Fever in violation of the Eighth Amendment, and denied defendant Biter's motion to dismiss that claim on qualified immunity grounds.[1] (*Id.*)

/////

---

[1] The court's order also granted plaintiff leave to amend his claim against defendant Manasrah for deliberate indifference to a serious medical need. (*Id.* at 7.) However, on January 28, 2019, plaintiff notified the court that he did not wish to amend his complaint and would pursue only his claim against defendant Biter based on the alleged exposure to Valley Fever. (Doc. No. 45.)

1

On February 5, 2019, defendants filed the motion for reconsideration now pending before the court. (Doc. No. 47.) Therein, defendants argue that reconsideration of the court's January 9, 2019 order is warranted in light of the Ninth Circuit's decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019), *petition for cert. filed*, No. 18-1590 (U.S. June 27, 2019), in which the court held that the right to be free from heightened exposure to Valley Fever spores was not clearly established at the relevant time and that the state officials were entitled to dismissal on qualified immunity grounds. On February 28, 2019, plaintiff filed an opposition to the motion for reconsideration. (Doc. No. 50.) On March 7, 2019, defendants filed their reply. (Doc. No. 51.)

Defendants bring the instant motion pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). (*See* Doc. No. 47 at 1.) The court finds that Rule 59(e) is the most applicable in this circumstance, providing "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." As stated above, the order adopting the magistrate judge's findings and recommendations was issued on January 10, 2019, and defendants' motion for reconsideration was filed on February 5, 2019, or within 26 days of the court's order. The court therefore finds defendants' motion timely under Rule 59(e).

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citations and internal quotation marks omitted). A motion for reconsideration under Rule 59(e), however, "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first

time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners*, 179 F.3d at 665); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Moreover, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, defendants argue that the Ninth Circuit's decision in *Hines* constitutes an intervening change in the controlling law warranting reconsideration. (Doc. No. 47 at 5–7.) In support of this contention, defendants note that the decision in *Hines* was not issued until February 1, 2019, after the undersigned had adopted the magistrate judge's findings and recommendations and had denied defendant Biter's motion to dismiss on qualified immunity grounds, and was thus not available when defendants moved to dismiss or when they filed their objections to the magistrate judge's findings and recommendations. (*Id.*)

In *Hines*, a consolidated appeal, the plaintiffs challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the Eighth Amendment right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores." *Id.* at 1228. The Ninth Circuit in *Hines* concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[2]

---

[2] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted,* existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

3

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[3] Instead, the Ninth Circuit, like the courts below, proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted. *Id.*[4]

That said, plaintiff's allegations in this case provide no basis upon which to depart from the qualified immunity analysis set forth in *Hines*. Plaintiff's operative first amended complaint

---

[3] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

[4] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *see also Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is *dicta* is not relevant to this court's consideration of the pending motion to reconsider. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders (914 F.3d at 1231), the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

alleges the following facts relevant to resolution of the pending motion for reconsideration. Plaintiff was transferred to Kern Valley State Prison in April 2012, and learned in September 2012 that Kern Valley is part of a hyperendemic zone for Valley Fever. (Doc. No. 13 at 7.) Plaintiff submitted requests for a Valley Fever test and treatment between September 28, 2012, and December 2, 2014, but did not receive any. (*Id.*) Plaintiff was eventually tested for Valley Fever, and received a medical classification chrono indicating that he is infected with Valley Fever. (*Id.* at 7–8.) Plaintiff made various requests to be transferred to an institution free of Valley Fever, but those requests were denied. (*Id.* at 7–9.)

Plaintiff's opposition to the defendants' motion for reconsideration merely restates his allegations that defendant Biter knew or should have known that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate that harm. (Doc. No. 50 at 8–9.) Plaintiff's argument, however, ignores the Ninth Circuit's holding in *Hines* that it was not clearly established during the time period at issue in this case that it was a violation of the Eighth Amendment to expose prisoners to a heightened risk of contracting Valley Fever. Plaintiff's reliance on language in *Edison v. United States*, 822 F.3d 510 (9th Cir. 2016), regarding a "duty" of the U.S. Bureau of Prisons "to develop a preventative policy responsive to the cocci outbreak" (*see* Doc. No. 50 at 5) does not persuade the court otherwise. *Edison* did not involve an Eighth Amendment claim, but instead concerned subject matter jurisdiction under the Federal Tort Claims Act. 822 F.3d at 522–23. Plaintiff also cites a January 2007 report issued by the California Department of Health Services and an April 2012 report by the California prison system's own healthcare services investigating Valley Fever in arguing that defendant Biter was aware of the substantial risk of harm posed to plaintiff. (Doc. No. 50 at 6–8.) However, the court in *Hines* considered those same reports, *see* 914 F.3d at 1224–25, and still determined that at the time in question in the cases before it and in this one, there was no clearly established constitutional right not to be exposed to a heightened risk of contracting Valley Fever by

/////
/////
/////

assignment to a prison experiencing an outbreak of the disease.[5]  Because plaintiff's allegations and argument provide no basis upon which to distinguish the Ninth Circuit's binding decision in *Hines* or the qualified immunity analysis set forth therein, the undersigned concludes that defendants' motion for reconsideration must be granted.

Accordingly:

1. Defendants' motion for reconsideration (Doc. No. 47) is granted;
2. In keeping with the Ninth Circuit's decision in *Hines*, defendant Biter is entitled to qualified immunity on plaintiff's conditions of confinement claim based on his exposure to Valley Fever;
3. Plaintiff's Eighth Amendment claim against defendant Biter based on exposure to Valley Fever is dismissed with prejudice on qualified immunity grounds; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 17, 2019**

                                                                  /s/ Dale A. Drozd
                                                                  UNITED STATES DISTRICT JUDGE

---

[5]  As summarized by the court in *Hines*:

> In 2005, California prison officials noticed a "significant increase" in the number of Valley Fever cases among prisoners.  The federal Receiver asked the California Department of Health Services to investigate the outbreak at Pleasant Valley State Prison, the prison with the highest infection rate.  After its investigation, the Department of Health Services issued a report in January 2007.  *It stated that Pleasant Valley State Prison had 166 Valley Fever infections in 2005, including 29 hospitalizations and four deaths. The infection rate inside the prison was 38 times higher than in the nearby town and 600 times higher than in the surrounding county.*  According to the report, "the risk for extrapulmonary complications [was] increased for persons of African or Filipino descent, but the risk [was] even higher for heavily immunosuppressed patients."

914 F.3d at 1225 (emphasis added).